[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13993
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cv-01997-AKK

ROCKEFELLER F. COOPER, II,

Plaintiff-Appellant,

versus

JEFFERSON COUNTY CORONER AND MEDICAL EXAMINER OFFICE,

Defendant-Appellee,

DR. GREGORY G. DAVIS,
Chief Coroner/Medical Examiner, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 10, 2021)

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Rockefeller F. Cooper, II, proceeding pro se, appeals the district court's order granting summary judgment and judgment as a matter of law to his former employer, the Jefferson County Coroner and Medical Examiner Office (JCCMEO).

Because we write for the parties, we assume familiarity with the facts and only set out those necessary for the resolution of this appeal. Cooper is a black man of Liberian descent. He worked as a morgue technician at JCCMEO for approximately four months prior to his termination. In his amended complaint, Cooper alleged that he experienced a variety of mistreatment by JCCMEO co-workers, including his immediate supervisor, Julieanna Dufek. Cooper claims that his white co-workers were not subjected to this same ill treatment. Cooper's efforts to have Dr. Gregory Davis, Chief Medical Officer for JCCMEO, address his complaints were unsuccessful, and Davis allegedly became prejudiced against Cooper. After receiving multiple disciplinary "write-ups" for repeated tardiness, failing to follow instructions, failing to complete required tasks, having a hostile

2

and aggressive interaction with a fellow employee, and receiving a poor three-month work evaluation, Davis recommended serving Cooper with a Notice of Intent to Discipline and placed Cooper on administrative leave. The recommended discipline was termination. Jefferson County held a disciplinary hearing where Cooper attended and spoke of ways in which JCCMEO had mistreated him. The result of the disciplinary hearing was Cooper's termination.

Cooper filed suit in the Northern District of Alabama, alleging, inter alia, claims of race- and national origin–based discrimination, retaliation, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a) and 2000e-3(a). Cooper and JCCMEO both moved for summary judgment on the discrimination and retaliation claims. The district court granted summary judgment on both claims in favor of JCCMEO. The court found that Cooper did not make a prima facie case of race or national origin discrimination. Cooper could not identify a single similarly situated co-worker who was treated more favorably. Although lack of a comparator alone would not doom Cooper's case, the district court also found that Cooper did not introduce evidence of *any* race- or national origin–based conduct. As to the retaliation claim, the district court found that Cooper could not establish that JCCMEO's proffered reasons for his termination were pretextual. Cooper admitted that poor

performance and disregard for standard office procedures and rules would be legitimate reasons to discharge an employee.

Broadly construing Cooper's complaint to allege a claim of hostile work environment, the district court ruled that this claim would proceed to trial as JCCMEO did not move for summary judgment. After the pretrial conference, the district court issued a pretrial order including the undisputed facts of the case: Cooper agreed he had never been called the "N-word", referred to as a racial slur, experienced any physical contact, or threatened of physical harm by any employee at JCCMEO. Prior to trial, JCCMEO moved to exclude testimony or evidence related to Cooper's discrimination and retaliation claims, and any other claims that had been dismissed. JCCMEO also moved to exclude any unrelated photos or videos. The district court granted JCCMEO's motions, ruling that the trial would focus solely on the hostile-work-environment claim and that any unrelated evidence would not be allowed.

At trial, Cooper presented testimony from four JCCMEO employees, none of whom testified to ever having witnessed or been made aware of: any abusive or offensive conversations or interactions involving Cooper, a physical assault or threat directed at Cooper, or anyone making any remark to Cooper about his race or national origin. Cooper did not testify. At the close of Cooper's case, JCCMEO moved for judgment as a matter of law. The district court granted the motion,

noting that there was no evidence that an employee harassed Cooper because Cooper did not take the stand, and the witnesses he subpoenaed who testified denied any allegations of race- or national origin–based harassment. Additionally, any alleged harassment did not rise to the severe and pervasive level that was necessary to state a hostile-work-environment claim. Cooper timely appealed.

Cooper raises three arguments on appeal. First, he argues that the district court erred in granting JCCMEO's motion for summary judgment based on a finding that Cooper failed to establish a prima facie case of race discrimination because he did not identify any similarly situated employees who were treated differently. Second, Cooper argues that the district court erred in granting JCCMEO's motion for summary judgment based on a finding that JCCMEO proffered legitimate, non-discriminatory reasons for his termination and Cooper did not provide evidence sufficient to show pretext. Third, Cooper argues that the district court erred in granting JCCMEO's motion for judgment as a matter of law with regard to his hostile-work-environment claim, based on a finding that he did not present sufficient evidence at trial that he suffered race and national origin discrimination that was severe and pervasive to entitle him to relief under Title VII.

I.

We review de novo a district court's grant of summary judgment, construing all facts and drawing all reasonable inferences in favor of the non-moving party. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919 (11th Cir. 2018). Summary judgment is appropriate when the record evidence shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This standard of review does not change where there are cross-motions for summary judgment; the facts are viewed in the light most favorable to the non-moving party on each motion. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005).

We have consistently held that conclusory allegations have no probative value at the summary judgment stage unless supported by specific facts. *See, e.g.*, *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). There is no genuine issue of material fact unless a reasonable jury could return a verdict in favor of the non-moving party. *Morton v. Kirkwood*, 707 F.3d 1276, 1284 (11th Cir. 2013). To withstand summary judgment, there must be sufficient evidence on which the jury could reasonably find for the plaintiff; the existence of a scintilla of evidence in support of the plaintiff's position is insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When evaluating the record, we will give credence to evidence favoring the non-movant as well as uncontradicted and

6

unimpeached evidence from disinterested witnesses that supports the moving

party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000).

*A.*

Title VII forbids employment discrimination against any person on the basis

of race or national origin. 42 U.S.C. § 2000e-2(a). Discrimination can be proven

through direct or circumstantial evidence. *Hinson v. Clinch Cnty., Ga. Bd. of

Educ.*, 231 F.3d 821, 827 (11th Cir. 2000).

In evaluating claims of discrimination based on circumstantial evidence,

courts may use the *McDonnell Douglas* burden-shifting framework. *See Alvarez

v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010) (citing *McDonnell

Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Generally, to state a prima facie

claim of racial discrimination under the *McDonnell Douglas* framework, a

plaintiff must allege that: (1) he is a member of a protected class; (2) he was

subjected to an adverse employment action; (3) his employer treated similarly

situated employees who were not members of the plaintiff's class more

favorably; and (4) he was qualified for the job or benefit at issue. *Rice-Lamar v.

City of Fort Lauderdale*, 232 F.3d 836, 842–43 (11th Cir. 2000). To meet the

third prong, the plaintiff must identify a comparator who is "similarly situated in

all material respects," meaning that the plaintiff and comparators are

"sufficiently similar, in an objective sense, that they cannot reasonably be

distinguished." *Lewis v. City of Union City*, 918 F.3d 1213, 1228 (11th Cir. 2019) (en banc) (internal quotation marks omitted). Although this standard requires a case-by-case analysis and formal labels regarding job title are unnecessary, a similarly situated comparator will ordinarily have engaged in the same basic misconduct as the plaintiff, been subject to the same employment policy, guideline, or rule, shared the same supervisor, and shared the plaintiff's employment or disciplinary history. *Id.* at 1227–28.

If a plaintiff is unable to produce a comparator, thereby failing to meet the *McDonnell Douglas* standard, he can still present a triable issue of fact through direct evidence of discriminatory intent or through a "convincing mosaic" of circumstantial evidence that would allow an inference of discriminatory intent. *Id.* at 1220 n.6.

Where a plaintiff raises a discrimination claim under Title VII, he may be entitled to relief if he shows that illegal bias, such as bias based on race, "was a motivating factor" for an adverse employment action, even if other factors also motivated the employer's decision. 42 U.S.C. § 2000e-2(m). In a mixed-motive discrimination case based on circumstantial evidence, a court considers whether the "plaintiff has offered evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) a protected characteristic was *a* motivating factor for the defendant's adverse

8

employment action." *Quigg v. Thomas Cnty. Sch. Dist.*, 814 F.3d 1227, 1239 (11th Cir. 2016) (internal quotation marks omitted and alteration adopted).

Here, Cooper has not presented sufficient evidence to state a prima facie case of discrimination under either the *McDonnell Douglas* standard or the mixed-motives standard. The district court properly found that Cooper did not meet his burden under the *McDonnell Douglas* standard because Cooper failed to identify *any* comparator, let alone one who is "similarly situated in all material respects." *Lewis*, 918 F.3d at 1228. While Cooper is correct that failure to produce a comparator does not automatically doom his case, in the absence of a comparator he must present either (1) "direct evidence of discriminatory intent" or (2) "a 'convincing mosaic' of circumstantial evidence that warrants an inference of intentional discrimination." *Id.* at 1220 n.6. As the district court found, Cooper did not introduce any evidence of race- or national origin–based conduct by JCCMEO. Rather, the evidence shows that Cooper was reprimanded for habitual tardiness, including being tardy four days in one week, and for failure to do his work as directed. And, during Cooper's first three months at JCCMEO, his work was evaluated as mostly "needs improvement" and "below expectations." Because Cooper did not present any evidence that he was treated unfairly based on his race or national origin, and the record does not contain a dispute over any material fact,

9

we affirm the district court's grant of summary judgment to JCCMEO as to Cooper's discrimination claim.

## B.

Title VII also prohibits employers from retaliating against an employee because he has opposed employment acts made unlawful by Title VII.  42 U.S.C. § 2000e–3(a).  Absent direct evidence, we employ the *McDonnell Douglas* burden-shifting framework when analyzing claims for retaliation.  *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).  The Supreme Court has rejected the application of a mixed-motives analysis under 42 U.S.C. § 2000e-2(m) to Title VII retaliation claims, concluding that such claims must be proven using traditional principles of but-for causation.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–60 (2013).

A prima facie claim of retaliation under Title VII requires the plaintiff to show that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) he established a causal link between the protected activity and the adverse action."  *Brown*, 597 F.3d at 1181.  A causal link between protected expression and materially adverse action arises where the defendant was aware of the protected expression and took materially adverse action as a result.  *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002).

If the plaintiff establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. *Brown*, 597 F.3d at 1181. The employer must explain the reasons for its actions but need not persuade the court that it was actually motivated by its proffered reasons. *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012).

If the employer articulates one or more legitimate, non-discriminatory reasons for its action, the plaintiff must show that the defendant's reason was pretextual. *McDonnell Douglas*, 411 U.S. at 804. To show pretext, a plaintiff must specifically respond to the employer's proffered reason and produce evidence directly rebutting that reason. *Holland*, 677 F.3d at 1055. A plaintiff may show that an employer's reasons are pretextual by showing that "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in its proffered reasons for its actions were such that a reasonable factfinder could find them unworthy of credence. *Id.* at 1055–56. If the proffered reason is one that would motivate a reasonable employer, a plaintiff cannot simply quarrel with the wisdom of the employer's decision. *Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) (en banc). A proffered reason cannot "be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) (internal quotation marks and emphases omitted). An employer's honest belief based on

11

information that the employee violated its policies can constitute a legitimate reason for termination, even if such a belief may have been mistaken or wrong. *See Smith v. PAPP Clinic, P.A.*, 808 F.2d 1449, 1452–53 (11th Cir. 1987) (concluding in a 42 U.S.C. § 1981 case, that if the jury found that the employer discharged the employee based on an honest belief that the employee had violated company policy, it could not have found the employer to have intentionally discriminated against the employee on account of her race). Despite the shifts in the burden of production under the *McDonnell Douglas* standard, the plaintiff carries the ultimate burden of persuasion at all times. *Alvarez*, 610 F.3d at 1264.

Here, the district court properly granted summary judgment to JCCMEO on Cooper's retaliation claim. Even assuming Cooper alleged a prima facie case of retaliation, he has not shown that JCCMEO's proffered reasons for his termination was pretextual. JCCMEO clearly articulated its reasons for terminating Cooper: his failure to follow instructions, his hostile and aggressive interaction with a fellow employee, his performance evaluation, and his attendance record. These reasons are legitimate and non-discriminatory, and Cooper did not reveal any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation. *Holland*, 677 F.3d at 1055–56. Rather, JCCMEO's proffered reasons are ones that would motivate a reasonable employer. *See Chapman*, 229 F.3d at 1030. Thus, because Cooper failed to show that JCCMEO's

12

proffered legitimate, non-discriminatory reasons for terminating him were pretexts for unlawful retaliation, the district court did not err in granting JCCMEO summary judgment on Cooper's Title VII retaliation claims.

II.

We review a district court's grant of judgment as a matter of law de novo, applying the same standard as the district court. *Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 956–57 (11th Cir. 2014). "A district court should grant judgment as a matter of law when the plaintiff presents no legally sufficient evidentiary basis for a reasonable jury to find for him on a material element of his cause of action." *Id.* The question before the district court is whether the evidence is legally sufficient to find for the non-moving party on that issue. Fed. R. Civ. P. 50(a)(1). The district court should review all of the record and must draw all reasonable inferences in favor of the non-moving party. *Reeves*, 530 U.S. at 150. The district court "may not make credibility determinations or weigh the evidence." *Id.*

We review the district court's evidentiary rulings for abuse of discretion. *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248 (11th Cir. 2014). The district court abuses its discretion where its "decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Id.*

13

An employer violates Title VII when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1152 (11th Cir. 2020). To prove a prima facie case of hostile work environment, the plaintiff must establish that: (1) he belonged to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment; and (5) a basis exists for holding the employer liable. *Id.* at 1153.

The "severe and pervasive" requirement contains both an objective and a subjective component. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). In evaluating the objective severity of the harassment, we consider: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." *Id.*

Title VII is not a federal civility code. *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc). Thus, "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory

14

changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citation omitted). "[C]ourts should examine the conduct in context, not as isolated acts, and determine under the totality of the circumstances whether the harassing conduct is sufficiently severe or pervasive to alter the terms or conditions of the plaintiff's employment and create a hostile or abusive working environment." *Mendoza*, 195 F.3d at 1246.

Here, as an initial matter, the district court did not abuse its discretion in making its evidentiary rulings. The district court correctly excluded any irrelevant testimony and any evidentiary submissions that had no bearing on Cooper's hostile-work-environment claim.

Based on the testimony presented at trial, and the lack of testimony by Cooper, the district court properly found that Cooper had not shown that he was subjected to any offensive acts or statements about his race or nationality. Further Cooper conceded in the pretrial order that he had never been called a racial slur, experienced any physical contact by any employee, nor been threatened with physical harm. Thus, Cooper did not show any harassment based on his race or national origin, much less harassment that was so severe and pervasive it created a hostile work environment. *See Fernandez*, 961 F.3d at 1152. The district court

therefore properly granted JCCMEO's motion for judgment as a matter of law to as

to Cooper's hostile-work-environment claim.

Accordingly, the rulings of the district court are affirmed.

**AFFIRMED.**